IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| WALTERMAN IMPLEMENT, INC., ) | |
| ) | |
| Debtor. ) | Bankruptcy No. 05-07284 |
| ------------------------------ | |
| RENEE HANRAHAN, ) | |
| CHAPTER 7 TRUSTEE, ) | |
| ) | Adversary No. 06-9067 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| LEON WALTERMAN; UNITED STATES ) | |
| OF AMERICA ON BEHALF OF ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendants. ) | |

**ORDER RE: MOTION FOR SUMMARY JUDGMENT**

This motion came on for hearing on May 5, 2006 pursuant to assignment. Attorney Eric Lam appeared for Plaintiff/Trustee Renee Hanrahan. Attorney William Sidney Smith appeared for Defendant Leon Walterman. Also present were Phyllis Jo Gervasio and Marty McLaughlin for the United States, Internal Revenue Service. After hearing arguments of counsel, the Court took this matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O).

**STATEMENT OF THE CASE**

Trustee's motion for summary judgment asks the Court to find that the right to revoke Debtor's subchapter S election is property of the bankruptcy estate, and the revocation of the election violated the automatic stay. She also asserts that the revocation of the election may be avoided as a post petition transfer of property of the estate. Trustee argues there are no material facts in issue, and she is entitled to summary judgment as a matter of law.

Defendant Leon Walterman agrees that there are no material facts in issue but denies that Trustee is entitled to summary judgment as a matter of law. Defendant asserts that Subchapter S status is not property of the bankruptcy estate, and Trustee does not have standing to avoid the revocation of Debtor's Subchapter S election on behalf of the estate.

The United States filed a motion to be excused from responding to the motion, stating that the United States "does not have a position on this issue nor a preference on the outcome of litigation" and will abide by whatever order is issued by this Court. This Court excused the United States from responding on April 14, 2006.

## FINDINGS OF FACT

An involuntary petition under 11 U.S.C. § 303 was filed against Walterman Implement, Inc. on October 21, 2005. On the same date, the Court appointed Renee Hanrahan as interim trustee to operate Debtor's business and preserve property of the estate. Leon Walterman is president and the major shareholder of Walterman Implement, Inc. At the time of the filing, Walterman Implement, Inc. was a Subchapter S entity for federal income tax purposes.

Postpetition, on November 14, 2005, Walterman Implement Inc., with Mr. Walterman as consenting shareholder, revoked the Subchapter S election. The revocation document is included as Exhibit 1 of Trustee's statement of facts with exhibits. Mr. Walterman signed the Revocation as President of Walterman Implement, Inc. Exhibit 2 is the Shareholder Statement of Consent. Mr. Walterman signed this consent as the holder of the entire 400 shares issued by the corporation.

## CONCLUSIONS OF LAW

A motion for summary judgment may only be granted when there are no material facts in controversy, and the moving party is entitled to a judgment as a matter of law. Fed. R. Bankr. P. 7056, Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court views the evidence in a light most favorable to the nonmoving party. In re Marlar, 267 F.3d 749, 755 (8th Cir. 2001). The moving party has the burden of showing that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

This case was commenced under § 303(a) with an involuntary petition. Because the Court appointed a trustee on the petition date, Debtor was not entitled to operate the business or dispose of property under § 303(f). A petition filed under § 303 operates as a stay of any act "to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The commencement of a case under § 303 creates an estate, comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "The scope of [§ 541] is very broad and includes property of all descriptions,

tangible and intangible." In re Central Ark. Broadcasting Co., 68 F.3d 213, 214 (8th Cir. 1995).

"A trustee in bankruptcy stands in the shoes of the debtor, and succeeds to all the assets of the bankrupt estate." Strumpf v. Albracht, 982 F.2d 275, 277 (8th Cir. 1992). Property rights that enter the bankruptcy estate under § 541(a) come in subject to all of the limitations they had in the ownership of the debtor. In re Senior Cottages of Am., LLC, 320 B.R. 895, 900 (Bankr. D. Minn. 2005). The trustee cannot assert greater rights than those possessed by the debtor. Strumpf, 982 F.2d at 277. The broad definition of property of the estate does not enlarge the debtor's rights beyond those existing at the commencement of the case. In re N.S. Garrott & Sons, 772 F.2d 462, 466 (8th Cir. 1985).

### SUBCHAPTER S REVOCATION

Prepetition, the Debtor corporation operated as a subchapter S corporation. An election to have a corporation treated as a subchapter S corporation has the effect of characterizing the corporation as a "pass through" entity. In re Bakersfield Westar, Inc., 226 B.R. 227, 229 n.2 ( B.A.P. 9th Cir. 1998). In its simplest terms, this means that the tax attributes of the corporation pass through to the shareholders. In re Forman Enters., Inc., 281 B.R. 600, 606 (Bankr. W.D. Penn. 2002). Thus, the responsibility for payment of taxes owed on the corporation's income, as well as the right to utilize its net operating losses (NOLs), passes through to the shareholders. Id.; 26 U.S.C. § 1366(a)(1)(A).

The shareholders of a corporation must consent to the election or revocation of subchapter S status. 26 U.S.C. § 1362. "An election made under section 1362(a) is terminated if the corporation revokes the election for any taxable year of the corporation for which the election is effective. A revocation may be made only with the consent of shareholders." 26 C.F.R. § 1.1362-2(a)(1). "Although the corporation is the sole entity that makes the election or revocation under 26 U.S.C. § 1362, both acts are contingent upon various degrees of consent by the corporation's shareholders." In re Trans-Lines West, Inc., 203 B.R. 653, 660 (Bankr. E.D. Tenn. 1996). Further, a corporation may rescind a revocation of its subchapter S status, but only with the consent of shareholders. Id.

Mr. Walterman argues that Trustee does not have standing to rescind the Debtor corporation's revocation of its subchapter S status. Trustee holds solely the same rights as the Debtor. Because the corporation can not rescind the revocation without shareholder consent, neither can Trustee.

3

**PROPERTY OF THE ESTATE AND THE AUTOMATIC STAY**

Trustee specifically relies on two cases cited in its brief and oral argument. The first is In re Russell, 927 F.2d 413, 417-18 (8th Cir. 1991), which holds that an individual debtor's irrevocable election to carry forward NOLs is a transfer of property of the estate. In In re Frank Funaro, Inc., 263 B.R. 892, 898 (B.A.P. 8th Cir. 2001), the court states, in dicta, that a debtor corporation's right to use, benefit from, or revoke its subchapter S election falls within the broad definition of property of the estate. The court in Funaro states:

> A Subchapter S corporation is an entity separate and apart from its owner. As a result, actions taken by the owner for his own benefit, at the expense of the corporation and its creditors, are subject to review in the corporation's bankruptcy.

Id. The owner of a subchapter S corporation is bound by the form of business organization chosen prepetition. In re Stadler Assocs., Inc., 186 B.R. 762, 764 (Bankr. S.D. Fla. 1995).

The court in Funaro cites extensively from In re Bakersfield Westar, Inc., 226 B.R. 227, 234 (B.A.P. 9th Cir. 1998), which relies in part on Russell to hold that the corporate debtor's "prepetition right to make or revoke its subchapter S status constituted 'property' or 'an interest of the debtor in property' within the meaning of the Code." Likewise, the court in In re Trans-Lines West, Inc., 203 B.R. 653, 662 (Bankr. E.D. Tenn. 1996), held that the corporate debtor possessed a property interest in its subchapter S status.

The automatic stay is fundamental to the bankruptcy process, and its scope is intended to be broad. Small Business Admin. v. Rinehart, 887 F.2d 165, 168 (8th Cir. 1989). Any attempt to "exercise control over property of the estate" is a violation of the automatic stay. In re Knaus, 889 F.2d 773, 775 (8th Cir. 1989); 11 U.S.C. § 362(a)(3). "An action taken in violation of the automatic stay is void ab initio." In re Vierkant, 240 B.R. 317, 325 (B.A.P. 8th Cir. 1999).

The court found that a corporate debtor's NOLs are property of the estate in In re Phar-Mor, Inc., 152 B.R. 924, 926 (Bankr. N.D. Ohio 1993). A sale of stock to exercise control over the NOL is prohibited by the automatic stay under § 362(a)(3). Id. at 927. Likewise, a sale of stock to end a debtor's subchapter S status violates the automatic stay as an act to exercise control over property of the estate. In re Cumberland Farms, Inc., 162 B.R. 62, 68 (Bankr. D. Mass. 1993).

4

Based on the foregoing, the Court concludes that Debtor's subchapter S status is property of the estate. Leon Walterman's actions as president and sole shareholder of Debtor to revoke the corporation's subchapter S election was an act to control property of the estate. The revocation occurred postpetition and violates the automatic stay. This act in violation of the automatic stay is void and of no effect.

### § 549 POST PETITION TRANSACTIONS

Four elements exist to a § 549(a) claim. First, the action must take place after the bankruptcy case begins. Second, property of the bankruptcy estate must be involved. Third, there must be a transfer of property. Fourth, the transfer must not be authorized by Court or by statute. Russell, 927 F.2d at 417-18.

The Court has found that the postpetition revocation of Debtor's subchapter S election is void as violating the automatic stay. The revocation is also voidable under § 549. It occurred postpetition. Debtor's subchapter S status is property of the estate. The revocation was a transfer of Debtor's subchapter S election which was not authorized by the Court or by statute.

### CONCLUSION

**WHEREFORE,** the right to revoke Debtor's Subchapter S election is property of the estate as defined in § 541.

**FURTHER,** Defendant Leon Walterman violated the automatic stay by revoking Debtor's subchapter S election, rendering the revocation void as a violation of the automatic stay.

**FURTHER,** the revocation of Debtor's subchapter S status is also voidable under § 549 as a postpetition transfer.

**FURTHER,** Trustee's Motion for Summary Judgment is GRANTED.

Dated and Entered:

May 22, 2006

*/s/ Paul J. Kilburg*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE